IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00330-FL

| | |
|---|---|
| RACHEL BARRETT, | ) |
| | ) |
| Plaintiff, | ) ORDER AND |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) |
| CRANBERRY FINANCIAL, CAPITAL | ) |
| CROSSING, BANK OF AMERICA, INC., | ) |
| WAYNE REALTY, CAPCAR REALTY, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of Plaintiff Rachel Barrett's *pro se* application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. Plaintiff has demonstrated sufficient evidence of inability to pay the required court costs. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is allowed. Notwithstanding the grant of *in forma pauperis* status, for the reasons set forth below, it is recommended that the complaint be dismissed.[1]

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff asserts a claim for racial discrimination based on Defendants' wrongful foreclosure of her property and requests that the foreclosure be overturned and the matter remanded to the trial court with proper instructions.[2] Compl. [DE-1-1] at 1-4. In support of her claim, Plaintiff

---

[1] In the event Plaintiff is allowed to proceed with her claims, it is noted that Plaintiff failed to file the required Civil Cover Sheet and proposed summonses for each defendant.

[2] Plaintiff previously removed to this court a state court foreclosure action against her and the church she pastors, but the case was remanded to the state court. *See Cranberry Financial, LLC v. Center of Love Mission Church*, No. 5:10-cv-524-FL, 2010 WL 5353361 (E.D.N.C. Dec. 15, 2010). It is unclear whether this matter involves the same property at issue in the prior matter.

specifically contends that Defendant attempted to "re-write and re-state the property deeds" at issue in Plaintiff's complaint, *id.* at 1-2; that there were no legal grounds to support Plaintiff's "lack of securitization," which served as the basis for the foreclosure, *id.* at 1-3; and that Defendant lacked standing to foreclose on the property because it failed to establish it held an interest in the promissory note and security deed, *id.* at 3.

## II. LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis*, the court reviews her allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find

2

a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Construing Plaintiff's allegations in the light most favorable to her, the court lacks subject matter jurisdiction over her claim and Plaintiff has failed to state a claim. As an initial matter, the court must consider whether it has jurisdiction over the matters asserted in Plaintiff's complaint. "A federal court 'must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case.'" *Williams v. North Carolina*, No. 5:12-CV-680-D, 2013 WL 6048740, at *1 (E.D.N.C. Nov. 14, 2013) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005)). Here, Plaintiff asserts that the state foreclosure action was baseless and requests "the foreclosure be overturned and that this Court remand this matter to the trial court with proper instructions." Compl. at 3-4. The *Rooker-Feldman* doctrine precludes the relief Plaintiff seeks, where "[t]his court lacks subject-matter jurisdiction to sit in direct review of North Carolina's trial courts, which includes the decision of a state court judge in a state foreclosure action." *See Williams*, 2013 WL 6048740, at *2-3 (citations omitted). Therefore, the court lacks subject matter jurisdiction to grant the relief Plaintiff seeks, and the complaint should be dismissed.

Furthermore, to the extent Plaintiff asserts a federal claim for racial discrimination, she has alleged no facts whatsoever to support such a claim, and "[c]onclusory allegations of discrimination are insufficient to state a claim." *Persaud v. Morgan State Univ.*, 34 F.3d 1066, 1994 WL 446797, at *2 (4th Cir. 1994) (citing *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990)); *see Williams*, 2013 WL 6048740, at *4 (dismissing claim related to allegedly discriminatory foreclosure where plaintiffs made no plausible allegations to support an equal protection claim). Therefore, Plaintiff's complaint should be dismissed for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion to proceed *in forma pauperis* is ALLOWED and it is RECOMMENDED that Plaintiff's complaint [DE-1-1] be DISMISSED on frivolity review for lack of subject matter jurisdiction and failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 18 day of July 2014.

Robert B. Jones, Jr.
United States Magistrate Judge